UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID GREENING, | Case No. C06-5255RJB |
| Petitioner, | REPORT AND RECOMMENDATION |
| v. | |
| MAGGIE MILLER-STOUT, | NOTED FOR: June 23rd, 2006 |
| Respondent. | |

This habeas corpus action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636 (b)(1)(B) and Local Magistrates' Rules MJR 3 and MJR 4. Petitioner attempts to file this action as a "Writ of Habeas Corpus Ad Faciendum Et Recipiendum" (Dkt. # 1). Petitioner is challenging the jurisdiction of the Pierce County Superior Court where he was convicted after entering a guilty plea in 1997. The Pierce County cause number is 97-1-01540-7 and the Judge who accepted the plea and sentenced petitioner was Karen L. Strombom. (Dkt. # 1).

Petitioner plead guilty to assault in the second degree, burglary in the first degree, and theft in the first degree. Each count had a firearm enhancement. Petitioner alleges the state court lacked jurisdiction because the declaration for determination of probable cause does not establish "felonious conduct." (Dkt. # 1).

REPORT AND RECOMMENDATION
Page - 1

1   This is not Mr. Greening's first habeas corpus action challenging this conviction. In 2001 Mr. Greening filed <u>Greening v. Morgan</u>, 01-CV- 5511FDB. Review of the petition in that case shows Mr. Greening to be challenging the same conviction that he attempts to challenge in this case. (Dkt. # 9, page 3 of 61 in 01-CV-5511FDB). In 2004 Mr. Greening filed <u>Greening v Miller Stout</u>, 04-CV-5421RBL. Review of that file discloses that again, Mr. Greening was challenging his 1997 conviction under Pierce County cause number 97-1-01540-7. (Dkt. # 5, page 2 of 15 in 04-CV-5421RBL).

Thus, this is Mr. Greening's third attempt to file a petition challenging his 1997 Pierce County conviction. Accordingly this petition is successive.

This file should be administratively closed and the case transferred to the Ninth Circuit in accordance with Circuit Rule 22-3(a).

## DISCUSSION

Ninth Circuit Rule 22-3 (a) states:

(a) **Application**. Any petitioner seeking leave to file a second or successive 2254 petition or 2255 motion in district court must seek leave under 28 U.S.C. §§ 2244 or 2255. An original and five copies of the application must be filed with the Clerk of the Court of Appeals. No filing fee is required. If a second or successive petition or motion, or application for leave to file such a petition or motion, is mistakenly submitted to the district court, **the district court shall refer it to the court of appeals.**

(Emphasis added).

Here, the petitioner is filing a successive petition. Clearly, the instant petition should be treated as a "second or successive" petition. The petition should be transferred.

## CONCLUSION

Based on the foregoing discussion, the Court should transfer this matter as a second or successive petition and administratively close the file. A proposed order accompanies this report and recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of

REPORT AND RECOMMENDATION
Page - 2

appeal. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **June 23rd, 2006**, as noted in the caption.

DATED this 26th day of May, 2006.

<u>/S/ J. Kelley Arnold</u>
J. Kelley Arnold
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 3